ANTONIO TRILLA LÓPEZ, demandante y apelado, *v.* RAMÓN CABALLERO, demandado y apelante.

No. 3523.—*Visto:* Marzo 18, 1925. *Resuelto:* Julio 8, 1925.

SERVIDUMBRES—CREACIÓN, EXTINCIÓN Y TERMINACIÓN—SERVIDUMBRES DE LUZ— OBLIGACIÓN NO CONSTITUTIVA DE UNA SERVIDUMBRE DE LUZ.—La obligación contenida en una escritura de venta de no mandar el comprador a clausurar

una ventana y permitir que permanezca abierta por todo el tiempo que quiera el vendedor no es constitutiva de una servidumbre de luz y sí una obligación personal a favor del vendedor que no puede éste transmitir a un tercero.

SENTENCIA de *Pablo Berga, J.* (Humacao), declarando con lugar la demanda de *injunction,* sin costas. *Revocada,* declarándose sin lugar la demanda, sin costas.

*Antonio L. López* y *Julio Reguero González,* abogados del apelante; *V. M. Fernández* y *Luis Pereyó Quiñones,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Fernando Guarch Ríos era dueño de dos casas en Caguas construídas en solares colindantes, teniendo una de ellas un garage que en parte ocupa terreno de la otra casa. En mayo de 1920 Guarch vendió a Don Ramón Caballero la casa de maderas cuyo solar está ocupado por parte del garage de la casa contigua, haciéndose constar en la escritura la siguiente cláusula: "Es convenido que no se comprende en esta venta el garage ni la parte de solar que ocupa el mismo, y que el comprador señor Caballero, no tiene derecho a mandar clausurar la ventana que queda al fondo del expresado garage, la cual permanecerá abierta por todo el tiempo que requiera el señor Guarch Ríos." En esa escritura no intervino la esposa de Caballero.

Pocos meses después el Sr. Guarch vendió la otra casa a Don Francisco Méndez quien en 1921 la vendió a Don Antonio Trilla López constando en la escritura de adquisición de este señor la cláusula referente al garage con la que Guarch vendió a Caballero.

Recientemente Don Ramón Caballero clavó la ventana del garage de la casa del Sr. Trilla impidiendo así que pudiera abrirla por lo que el Sr. Trilla presentó en la Corte de Distrito de Humacao un procedimiento de *injunction* para que se ordenase al señor Caballero que dejase expedita dicha ventana para que el peticionario pueda abrirla cuando lo desee, y habiéndose dictado sentencia en ese sentido interpuso el Sr. Caballero este recurso de apelación.

En la solicitud de *injunction* se alega que por la cláusula que hemos transcrito de la escritura por la que Caballero compró a Guarch se constituyó una servidumbre sin decir de cuál clase, pero en su alegato ante nosotros la califica como servidumbre de luz, y la corte inferior la considera como una reserva de derecho de tener abierta una ventana. Por consiguiente lo primero que tenemos que decidir es la clase de obligación que aceptó el Sr. Caballero por esa cláusula al comprar la casa al Sr. Guarch y así será considerado el primer motivo alegado para este recurso en el que se expone como error de la corte inferior el estimar que es un título válido de constitución de servidumbre de luces y vistas el alegado por el demandante.

La obligación que aceptó el apelante por la mencionada cláusula de no mandar clausurar la ventana del garage y de permitir que permaneciera abierta por todo el tiempo que quisiera el Sr. Guarch no es constitutiva de servidumbre de luz ni de vista porque aunque por la ventana del garage se puede tener luz y vista no ha sido reconocida a favor del predio colindante sino a favor del Sr. Guarch por el tiempo que él quiera, y las servidumbres de esas clases por ser reales se constituyen a favor de otro predio y no a favor de una persona. Además, las servidumbres prediales, como la de luz y vista, son gravámenes de naturaleza real que afectan al predio sirviente y para cuya constitución es necesario el consentimiento de la esposa cuando de bienes gananciales se trata, como en el caso presente, pues crean un derecho real contra la finca, y en la escritura no intervino la esposa del Sr. Caballero a prestar su consentimiento para la imposición de esa obligación real. En verdad, lo que demuestran las palabras de la expresada cláusula es que Don Ramón Caballero reconoció al Sr. Guarch el derecho de tener abierta dicha ventana por el tiempo que él quisiera aceptando así una obligación personal a favor de su vendedor, derecho que por tener ese carácter no podía transmitir ni transmitió el Sr. Guarch a Don Francisco Méndez

ni éste a Don Antonio Trilla, compradores de la segunda casa.

En vista de la conclusión a que llegamos, Don Antonio Trilla no tiene acción contra el Sr. Caballero para obligarle a que la ventana del garage continúe abierta y *la senten-cia apelada debe ser revocada y dictarse otra declarando sin lugar la petición de injunction, sin especial condena de costas.*